IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **S.B.T.,** | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  15-cv-162-NJR-SCW |
| | ) |
| **KAREN D. MILLER,** Child Protection Investigator, DCFS, in her individual capacity; **MISTY D. HUFF,** Child Protection Investigator, DCFH, in her individual capacity; **DIANE WOODS,** Supervisor, DCFS, in her individual capacity; **ALEXIS CARLISLE,** DCRS Area Administrator, in her individual capacity; **CYNTHIA TATE,** in her official capacity, as Acting Director of DCFS, | ) ) ) ) ) ) ) ) ) ) |
|         **Defendants.** | |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

      Plaintiff S.B.T. filed suit on February 12, 2015, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated her due process rights under the Fourteenth Amendment by "indicating" Plaintiff for child neglect which caused her to lose her job as a child-welfare worker, tarnished her professional reputation, and impeded her ability to financially support her children (Doc. 11). The matter is currently before the Court on Plaintiff's motion to allow the use of initials (Doc. 12). Plaintiff seeks leave to use her initials as a pseudonym in litigating her case because the accusation of child abuse which has been leveled against her is highly sensitive and could be harmful to her career and psychologically harmful to her family. Defendants have not yet been served in this case and thus have not filed a response to Plaintiff's motion.

      As a general matter, litigating under a pseudonym is antithetical to our public judicial system;

therefore, the presumption that a party's name is public information must be rebutted by showing that the harm of identification outweighs the harm of anonymity. *Doe v. City of Chicago*, **360 F.3d 667, 669-70 (7th Cir. 2004).** However, a pseudonym may be used when necessary to protect the privacy of rape victims and other particularly vulnerable parties. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, **112 F.3d 869, 872 (7th Cir. 1997).**

Here, the Plaintiff has shown, at least preliminarily, that the harm of identification outweighs the harm of anonymity. Plaintiff alleges that she was improperly accused and identified for child neglect which has cost her, her job and potentially sullied her professional reputation. She claims that her participation in this case, involving the sensitive nature of child abuse, could subject her family to additional harm and further damage her career. The Court finds that Plaintiff has made a case for allowing her to proceed, at least initially, with a pseudonym, until such time that Defendants have filed an answer and have a chance to object to Plaintiff's use of her initials. Thus, the Court **GRANTS** Plaintiff's motion and will allow her to proceed with the use of her initials until such time as Defendants have had a chance to answer and object. Should Defendants wish to object, they must do so within **twenty-one (21) days** of filing their answer. If objections are filed by any of the Defendants, the Court will reevaluate this Order at that time. Further, the Court **DIRECTS** the parties to meet and confer prior to the Court's scheduling and discovery conference to discuss the pseudonym issue and provide the Court with a proposed protective order for the discovery process. *See Doe v. Maywood Housing Authority*, **71 F.3d 1294, 1297 (7th Cir. 1995) (protective order reasonable to protect identity of plaintiff).** Plaintiff is directed to notify Defendants of this Order within **seven (7) days** of any Defendant entering an appearance in this case.

      **IT IS SO ORDERED**.     DATED: April 15, 2015.

                                            */s/ Stephen C. Williams*
                                            STEPHEN C. WILLIAMS
                                            United States Magistrate Judge