IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| S.B.T, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 15-CV-00162-NJR-SCW |
| KAREN MILLER, MISTY HUFF, DIANE WOODS, ALEXIS CARLISLE, and CYNTHIA TATE, | ) |
|         Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, S.B.T., filed this action against Defendants, Karen Miller, Misty Huff, Diane Woods, Alexis Carlisle, and Cynthia Tate, pursuant to 42 U.S.C. § 1983. Plaintiff challenges Defendants' actions in the events leading up to her being indicted for child neglect. Defendants Miller, Huff, Woods, Carlisle, and Tate filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15). Plaintiff filed a Response to Defendants' motion on June 15, 2015 (Doc. 22). For the reasons set forth below, Defendants' motion to dismiss is denied.

## BACKGROUND

The following factual synopsis is taken from the allegations contained in the complaint (Doc. 11), which the Court must accept as true for the purpose of the motion to dismiss. Plaintiff alleges that she was unemployed in the field of her choice for seven months, in violation of her Fourteenth Amendment rights, because she was indicted for

neglecting her children. Plaintiff is a certified Illinois child specialist, and at the time relevant to this action, she was employed at the Lutheran Child and Family Services of Illinois ("LCFS"). Plaintiff alleges that she was indicated because of Defendant Huff, Miller, and Woods's lack of consideration for exculpatory evidence.

The events at issue began on February 14, 2013, due to an anonymous call placed to the Department of Children and Family Services ("DCFS") hotline. The caller alleged that Plaintiff's ex-husband threw a brick through the window of the bedroom where Plaintiff and her children were sleeping, and the brick landed in close proximity to one of the children. After this incident, an investigation was formed into the well-being of the children. Plaintiff then took out an emergency Order of Protection against her ex-husband. Defendant Miller was originally assigned to the case, but the case was transferred to Defendant Huff at some point between March 4, 2013, and March 19, 2013.

Defendant Miller observed the children at their daycare and noted that they seemed to be well-dressed and clean. Plaintiff requested and received a plenary Order of Protection against her ex-husband, who at this point had checked himself into an in-patient treatment facility at a psychiatric hospital. Plaintiff later informed Defendant Huff that because her ex-husband was in a psychiatric hospital, she intended to drop the Order of Protection. Defendant Huff then spoke to Plaintiff's ex-husband, and he informed Defendant Huff that he did not intend to contact Plaintiff or his children, but he agreed to contact DCFS prior to making any contact with them. Plaintiff also agreed to contact DCFS before letting her ex-husband have contact with her or the children, other than supervised visits.

On March 22, 2013, Plaintiff met with Defendant Huff, and he gave her a Notification of a Report of Suspected Child Abuse and/or Neglect ("CANTS" Notice), stating that she was being investigated for neglecting her children by causing an "environment injurious" under Allegation 60. This was the first time Plaintiff was aware that *she* was under investigation. Within an hour of Plaintiff receiving her CANTS Notice, Defendant Huff recommended to the DCFS supervisor, Defendant Woods, that Plaintiff be indicated for child neglect. Defendant Woods then agreed with the recommended indicated finding.

Defendant Carlisle held an Administrator's Teleconference on April 4, 2013; she too affirmed Plaintiff's indication for child neglect. Defendant Carlisle referenced the alleged history of violence in Plaintiff's home and the Order of Protection against Plaintiff's ex-husband, which had since been dropped, as evidence to support this finding. Following Defendant Carlisle's decision, Plaintiff's name was entered into the State Central Register as a perpetrator of child neglect; it would be kept on the list for five years. Because of Plaintiff's placement on this list, LCFS informed her that she would not be permitted to be alone with any children pending disposition of an appeal. This created a "significant hardship" for Plaintiff to do her job.

Plaintiff filed an administrative appeal on May 7, 2013, and requested that it be expedited, citing her right to work in the professional field of her choice. The Administrative Law Judge affirmed the previous findings on July 22, 2013. Two days later, on July 24, 2013, the DCFS director, Richard Calica, issued the final administrative decision adopting the recommendation of the Administrative Law Judge to indicate

Plaintiff for child neglect under Allegation 60, in addition to denying Plaintiff's request for expungement of her record from the State Central Register. Plaintiff was fired from her job at LCFS because of the affirmance to indicate her under Allegation 60 and the placement of her name on the State Central Register.

Plaintiff then filed a *pro se* Complaint with the Circuit Court of the Second Judicial Circuit in Jefferson County, Illinois, on August 16, 2013, and filed her amended complaint on August 20, 2013. The judge found that the decision to indicate Plaintiff under Allegation 60 was against the manifest weight of the evidence on February 6, 2014. Around March 22, 2014, LCFS rehired Plaintiff. Plaintiff was unemployed for the seven months between being fired from LCFS and being rehired.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking compensatory damages, declaratory relief, attorney's fees, and costs. Specifically, the complaint alleges that Defendants Miller, Huff, Woods, and Carlisle deprived Plaintiff of her liberty interest in pursuing her career in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. Declaratory relief is sought against Defendant Tate, Acting Director of DCFS, "insofar as the Director's office of DCFS maintained policies and practices of enforcing Allegation 60, a void policy, as well as the policy and practice of indicating domestic violence victims without considering exculpatory evidence." As stated above, Defendants timely filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Defendants move to dismiss Plaintiff's entire complaint for failure to state a claim

(Doc. 15). Defendants argue that because Plaintiff was afforded all of her substantive due process rights through two separate procedures, she has no claim. Defendants further contend that because Plaintiff successfully challenged the indication that she was neglecting her children, she has no right to a declaration through this Court that she did not neglect her children.

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether the plaintiff will ultimately prevail. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing the adequacy of a complaint, courts must construe the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, plaintiffs need only allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a plaintiff need not plead detailed factual allegations, he or she must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id* at 1959. The Court is not permitted to consider extraneous pleadings. If the Court were to consider documents that were not contained in the original complaint, the motion to dismiss would then be considered a motion for summary judgment. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).

## DISCUSSION

Plaintiff's claims relate to her inability to work for seven months due to the fact

that her name was in the State Central Register as a perpetrator of child neglect. Plaintiff further alleges that Defendants neglected to consider exculpatory evidence, in addition to failing to inform her of the pending investigation against her. Plaintiff claims that if she would have been aware of the ongoing investigation, she could have provided relevant information that would have altered Defendants' findings, such as the Judgment of Dissolution of Marriage from her ex-husband, which gave her discretion in allowing visits between her ex-husband and the children. Plaintiff further contends that she would have given Defendant Huff evidence proving that she took her children to a counselor and medical files from the children's primary care physician showing that the children were healthy and up to date on their physical exams.

Defendants put forth a multitude of reasons why Plaintiff's complaint should be dismissed. But the motion does not challenge the sufficiency of Plaintiff's §1983 claim which only requires allegations that (1) the plaintiff held a constitutionally protected right; (2) she was deprived of that right in violation of the Constitution; 3) the defendants intentionally caused the deprivation; and 4) the defendants acted under color of state law. *See, e.g., Schertz v. Waupaca Cty.*, 875 F.2d 578, 581 (7th Cir. 1989).

Some of Defendants' arguments would require this Court to consider pleadings outside the scope of the complaint, meaning this motion would effectively become a summary judgment motion. While the Court will consider such arguments at a later time, "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City*

*of Chicago*, 675 F.3d 743, 746 n. 1 (7th Cir. 2012). At this point, the Court must only determine if plaintiff alleged enough facts to state claim to relief that is plausible on its face, as stated above. *Bell Atlantic*, 550 U.S. at 570. Plaintiff's complaint is well-pleaded and sets forth detailed factual allegations against each Defendant. The Court finds that the complaint survives Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For these reasons, the Motion to Dismiss for Failure to State a Claim filed by Defendants Miller, Huff, Woods, Carlisle, and Tate (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 25, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**